IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. PETROCI, III,<br><br>      Plaintiff,<br>  vs.<br><br>ATLANTIC ENVELOPE CO., LLC,<br><br>      Defendant. | CIVIL NO. 06-2792 |

**RUFE, J.**                                                                                       **June 7, 2007**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Atlantic Envelope Company LLC's ("Atlantic") Application for Reasonable Attorney's Fees and Expenses [Doc. # 51]. After reviewing the Application, Plaintiff's Response [Doc. # 54], Defendant's Reply [Doc. # 56], and Plaintiff's Surreply [Doc. # 70], the Court will grant Atlantic's Application and award Atlantic fees and costs, in the manner set forth below.

The basis for the fee application is this Court's Order of March 15, 2007, in which the Court imposed monetary sanctions on the law firm of Timothy M. Kolman and Associates. At the hearing, held on March 14, 2007, the Court found that Mr. Kolman's firm had failed to respond to a subpoena for documents, that Mr. Kolman had failed to appear for his deposition, which had been scheduled for February 1, 2007, and that Plaintiff had not fully complied with his discovery obligations. Accordingly, the Court ordered that "as a sanction for failing to fulfill his discovery obligations in a diligent and professional manner, consistent with the deadlines established by the Court's Scheduling Order, . . . Plaintiff's counsel will reimburse Defendant for the reasonable costs

and attorney's fees incurred in filing the two Motions for Sanctions [Doc. ## 38, 41] and the Motion to Compel [Doc. # 45], as well as for reasonable costs associated with appearing at the hearing on the motions."[1]

Defendant has submitted its application requesting the following fees and costs: (1) $2,700.00 associated with the First Motion for Sanctions; (2) $6,039.85 associated with the Second Motion for Sanctions; (3) $4,413.00 associated with the Motion to Compel; (4) $9,619.46 associated with the hearing held on March 14, 2007; and (5) $1,808.00 associated with the preparation of the instant Application.  Atlantic's attorney, R. Lawrence Ashe, Jr., has submitted a detailed affidavit to explain all claimed fees and costs.  The Court accepts these sworn statements as true.  Before awarding fees and costs, the Court will briefly address each of Plaintiff's objections.

First, Plaintiff objects to the hourly billing rate of Kalin Light, Esq., an associate working under Mr. Ashe.  Plaintiff suggests that Ms. Light's rate of $215.00 is excessive for a litigation associate practicing in Georgia.[2]  Atlantic has submitted an hourly-rate index[3] for attorneys practicing in Atlanta, Georgia (where Mr. Ashe's firm is located), that establishes that Ms. Light, a sixth-year associate, is billed out at a reasonable rate.[4]  If Ms. Light were inserted into the index—which lists the rates of 138 associates in Atlanta-based law firms—she would rank 92nd,

---

[1] See Order [Doc. # 49], at 2.

[2] Later, in the same brief, Plaintiff again refers to Ms. Light's hourly rate, but says that it is "a rate Plaintiff does not dispute for a sixth-year attorney."  Thus, Plaintiff has taken internally inconsistent positions within the same brief.

[3] See Def.'s Reply Br. [Doc. # 56], Ex. 4, at 14–21.

[4] Under the law of this Circuit, "a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community."  Loughner v. Univ. of Pittsburgh, 260 F.3d 173 (3d Cir. 2001) (citing Blum v. Stenson, 465 U.S. 886, 895 (U.S. 1984)).  Because defense counsel is based in Atlanta, the relevant community is the Atlanta legal market.

demonstrating that she is one of the more affordable associates. The Court notes that the list includes a broad cross-section of both nationally recognized firms, as well as smaller local firms such as Mr. Ashe's. Plaintiff's follow-up argument that Mr. Ashe's firm cannot justify its "premium billing rates" because it is submitting work that exhibits "carelessness and sloppiness," is absurd. Throughout this litigation, Atlantic's court filings have been uniformly professional and helpful.

Second, Plaintiff suggests that the hourly billing rate of $125.00 for Mr. Ashe's paralegal is excessive. In that same hourly-rate index provided by Atlantic, 31 legal paraprofessionals from various law firms in the Atlanta market appear with their hourly billing rates. If Mr. Ashe's paralegal were added to the list, he would rank 22nd, again indicating that his hourly rate is relatively affordable. According to Mr. Ashe's affidavit, the paralegal has over sixteen years of experience. When taken together, this information persuades the Court that the paralegal's hourly billing rate is reasonable. Plaintiff cannot defeat this conclusion by citing one decision in which a judge, in a single case from the Western District of Pennsylvania, decided that an hourly rate of $65 for a paralegal was reasonable.

Third, Plaintiff attacks the billing for Ms. Light's "letter-writing campaign," as an activity forbidden by the Court's March 15 Order. Ms. Light drafted these letters in order to comply with Atlantic's obligations under the Federal Rules of Civil Procedure. Many of the Federal Rules require that a motion "include a certification that the movant has in good faith conferred or attempted to confer" with opposing counsel, in order to solve the problem before seeking assistance from the Court.[5] Therefore, these "letter-writing campaigns" (which generally consist of two or more short letters) are counsel's evidence of attempts to resolve the matter without Court involvement. They

---

[5] See, e.g., Fed. R. Civ. P. 37(a)(2)(A).

are appropriately drafted by an attorney and billed to the client. Thus, the Court will not remove these costs from the fee petition.

Fourth, Plaintiff objects to Ms. Light's billing of 10.6 hours to prepare and file the Motion for Sanctions Regarding Timothy Kolman's Failure to Produce Documents. Plaintiff points to a decision from the Western District of Pennsylvania, Huu Nam Tran v. Metropolitan Life Insurance Co.,[6] in which the court found, on a petition for attorney's fees, that spending 6.8 hours on an opposition to a summary-judgment motion was excessive. Accordingly, the Court reduced the amount to 5 hours.[7] This Court is reluctant to make a similar reduction in this case. First, this Court does not agree that 5 hours is always adequate to research and draft a brief that meets high professional standards, particularly for an important focal point such as summary judgment. Therefore, the Court finds the Western District case to be unpersuasive. Second, the Court has reviewed Ms. Light's Motion for Sanctions and does not find that 10.6 hours is unreasonable on its face. Again, Atlantic's filings have been uniformly well-written and helpful to the Court. The Court understands that writing a good brief is generally a time-consuming activity; therefore, the Court will not reduce the computation of 10.6 hours.

Fifth, Plaintiff argues that it was unnecessary for Mr. Ashe to also bill for reviewing and editing the same Motion for Sanctions. The Court disagrees. Mr. Ashe is lead counsel for Atlantic, and signs his name on all filings on behalf of Atlantic. Therefore, it is not merely acceptable for Mr. Ashe to review and edit motions and briefs that he signs, his professional duty as an attorney requires as much.

---

[6] No. 01-262, 2006 U.S. Dist. LEXIS 68297 (W.D. Pa. Sept. 12, 2006).

[7] Id. at *11.

Sixth, Plaintiff also objects to billing for Ms. Light's second "letter-writing campaign," as not permitted by the Court's March 15 Order. For the same reasons stated above, the Court will permit the hours associated with drafting and sending these letters to be compensated.

Seventh, Plaintiff objects to the billing of 7.0 hours of Ms. Light's time for drafting the Second Motion for Sanctions, as an unreasonable amount. Again, the Court does not find that this amount is unreasonable, and will allow it to stand.

Eighth, Plaintiff objects to costs and attorney's fees billed in connection with Mr. Kolman's scheduled deposition of February 1, 2007. Although Mr. Kolman did not appear for that deposition, Mr. Ashe billed his client $55.55 to obtain a transcription of the record of the proceedings, documenting that Mr. Kolman did not appear. Mr. Ashe also billed his client $284.80 as a fee to change his airline ticket to return early to Atlanta as a result of the cancellation. The Court views these expenses as reasonable. Mr. Ashe also requests $559.00 as estimated costs for his return to Philadelphia to take Mr. Kolman's deposition. Despite being an estimate, the Court finds that these are necessary and reasonable. Accordingly, the Court will grant reimbursement of same.

Mr. Ashe has also requested attorney's fees for eight hours of "non-working travel time," which is also an estimate of the round-trip travel time between Atlanta and Philadelphia, in order to take Mr. Kolman's deposition. In his affidavit, Mr. Ashe states that "[w]hile this firm does not normally bill monthly-paying clients for non-working travel time, we volunteer no such accommodation to Mr. Kolman under these circumstances and will rely upon the Court's discretion as to whether he should be charged."[8] Because Mr. Ashe avers that he does not bill Atlantic for his

---

[8] Def.'s Application for Att'y Fees [Doc. # 51], ¶ 17.

non-working travel time, the Court deems it unnecessary, if not unfair to pass along that cost to Plaintiff in this case.  Thus, the Court will also reduce the award by $2,600.00.[9]

Ninth, Plaintiff reasserts three of its past arguments with respect to the Motion to Compel Past Due Discovery.  The Court will reject all three of these arguments for the reasons already stated.  First, the Court has already determined that Mr. Ashe's firm bills its paralegal services at a reasonable rate.  Second, the Court has already ruled that Ms. Light's "letter-writing campaigns" are necessary under the Federal Rules of Civil Procedure, and thus it is appropriate to bill for the time expended on them.  And third, the Court does not find that spending 7.4 hours drafting this motion is unreasonable.  Therefore, the Court will overrule Plaintiff's objections to the billing associated with the preparation and filing of the Motion to Compel Past Due Discovery.

Tenth, Plaintiff objects to most of the expenses related to defense counsel appearing before the Court for the March 14 hearing on the Motions for Sanctions.  In brief, the Court finds that it is reasonable to bill for the hours required to prepare for the hearing, as well as for the assistance of a paralegal to do so.  The Court also disagrees with Plaintiff that Ms. Light's appearance at the hearing was "unnecessary and duplicative."  The Court has awarded Defendant not only its necessary attorney fees, but also its <u>reasonable</u> attorney fees.  The Court does not find that a second attorney attending an important hearing is unreasonable, particularly when Plaintiff himself was represented by at least two attorneys at the same hearing.  The Court will, however, subtract the $3,760.00 in non-working travel time from the fee petition, for the same reasons as above.[10]

---

[9] Mr. Ashe's hourly rate of $325.00, multiplied by 8 hours of travel time, yields the figure of $2,600.00.

[10] This sum represents 6.0 hours of Ms. Light's work at her billable rate, plus 7.6 hours of Mr. Ashe's work at his billable rate.  See Def.'s Application for Att'y Fees [Doc. # 51], ¶ 30.  Again, because Mr. Ashe's firm did not bill Atlantic for these hours, the Court deems it unfair to charge these attorney's fees to Plaintiff.

Eleventh, Plaintiff objects to the costs associated with preparing and filing the fee petition itself. The Court will overrule this objection. Because the purpose of the fee petition is to prevent Atlantic from paying needless legal bills generated by Plaintiff's flouting of this Court's orders, it is nonsensical not to hold Plaintiff responsible for the costs incurred in the filing of the application itself.

In the final paragraph of Plaintiff's brief in opposition to the fee petition, Plaintiff brings to the Court's attention an email sent by Mr. Ashe to Timothy Kolman, offering to waive Atlantic's attorney's fees in exchange for Petroci dropping his claims against Atlantic. In other words, after prevailing at the hearing on the Motion for Sanctions, Atlantic extended the olive branch, showing its willingness to "walk away" if Petroci was likewise willing. Plaintiff does not ask for any ruling from the Court regarding this settlement offer. Instead, he states that "Mr. Ashe's e-mail reveals Defendant's true motivation in its fee petition—namely, to coerce a favorable settlement out of Plaintiff."[11] Plaintiff then "asks the Court to recognize that the grossly excessive application for attorney's [fees] filed by Defendant is simply an attempt by Defendant's counsel to manipulate the discovery process in order to take advantage of the Plaintiff, while simultaneously receiving astronomical fees for work that would never even be billed to the client."[12]

The Court will not respond to this ludicrous accusation. The Court further finds it necessary, in light of its prior findings and imposition of sanctions, to reprimand Plaintiff's counsel for continued unprofessional conduct which does not serve his client well. Further, the Court will

---

[11] Pl.'s Opp'n [Doc. # 54], at 7.

[12] Id.

strike such portion of the opposition brief[13] as non-responsive, irrelevant, and scurrilous.[14]

The application for fees and costs seeks an award of $24,580.31. After reviewing all of Plaintiff's objections, the Court will subtract $6,360.00, yielding a difference of $18,220.31. The Court will order Plaintiff's counsel to pay Defendant $18,220.31 in attorney's fees and costs on or before June 20, 2007.

An appropriate Order follows.

---

[13] Pl.'s Response to Def.'s Application for Att'y Fees [Doc. # 54], § L.

[14] See Fed. R. Civ. P. 12(f) ("[T]he court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN J. PETROCI, III,** : | |
| : | |
| **Plaintiff,** : | |
| vs. : | **CIVIL NO. 06-2792** |
| : | |
| **ATLANTIC ENVELOPE CO., LLC,** : | |
| : | |
| **Defendant.** : | |

## ORDER

      **AND NOW**, this 7th day of June 2007, upon consideration of Defendant Atlantic Envelope Company LLC's Application for Reasonable Attorney's Fees and Expenses [Doc. # 51], Plaintiff's Response thereto [Doc. # 54], Defendant's Reply [Doc. # 56], and Plaintiff's Surreply [Doc. # 70], it is hereby

      **ORDERED**, that in accordance with the foregoing Memorandum Opinion, Plaintiff's counsel will pay Defendant $18,220.31 in attorney's fees and costs, on or before June 20, 2007; and it is further

      **ORDERED**, that Section L of Plaintiff's Opposition Brief [Doc. # 54] is **STRICKEN**.

 

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**